IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:14mc00020 |
| | ) | <u>MEMORANDUM OPINION</u> |
| 19012 LAKE ROAD, | ) | |
| ABINGDON, VA; 623 WHALEY | ) | |
| TOWN ROAD, BUTLER, TN; AND | ) | |
| 382 T GREER ROAD, MOUNTAIN | ) | |
| CITY, TN | ) | |

The United States has applied for entry of a protective order pursuant to 21 U.S.C. § 853(e), restraining any person or entity acting in concert or on their behalf from transferring, assigning or disposing of any interest in or aiding or participating in any way in diminishing the title or value of the three above-listed assets. Upon notice, a hearing was held before the undersigned on April 23, 2014. At this hearing, William Hammond Hunt, Jr., and Roberta Hall-Hunt appeared by counsel objecting to any restraint of 19012 Lake Road, Abingdon, VA, ("Lake Road Property").

The evidence presented in the Government's Applications and attachments and at the April 23 hearing, shows that the Lake Road Property contains four residences: a main house, a smaller house and a garage building containing two apartments. According to the evidence presented, the Hunts, William and Roberta, and their two children reside in the main house; William Hammond Hunt, Sr. resides in the smaller house, and Nathan Hall, the Hunts' nephew, and Brandi Dunford, did reside in one of the garage apartments until a August 16, 2013, search of the premises.

1

By Criminal Complaint filed with the court on April 14, 2014, William Hammond Hunt, Jr., was charged with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Hunt was arrested and subsequently released on bond. The Criminal Complaint alleges probable cause to show that Hunt has been involved in a broad methamphetamine distribution conspiracy with 22 other persons. The Criminal Complaint alleges that Hunt's role in the conspiracy included providing locations for others to manufacture methamphetamine. In particular, at least one confidential source has provided information that alleged co-conspirator Nathan Hall had manufactured methamphetamine in his garage apartment at the Lake Road Property with Hunt's knowledge. On August 16, 2013, a search warrant was executed on the Lake Road Property. A methamphetamine-manufacturing lab was seized from the apartment Hall shared with alleged co-conspirator Brandi Dunford.

Roberta Hunt testified that she and her husband, William Hammond Hunt, Jr., owned the Lake Road Property as tenants by the entirety until 2011, when, for estate planning purposes, she and her husband each transferred their interests in the Lake Road Property into two separate revocable trusts. According to Roberta Hunt, these trusts, the Revocable Living Trust of Roberta Hall-Hunt and the Revocable Living Trust of William Hammond Hunt, Jr., now own the Lake Road Property. Roberta Hunt testified that she is the beneficiary of her trust during her lifetime and that her husband is the beneficiary of his trust during his lifetime. The Revocable Living Trust of Roberta Hall-Hunt names Roberta Hunt as trustee. The Revocable Living Trust of William Hammond Hunt, Jr., names William Hunt as trustee. Both trusts give the trustees power "to sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to" any trust property and "to possess, manage, develop, subdivide, control, partition, mortgage, lease or otherwise deal with any

and all real property" held in the trusts. Both trusts are revocable at any time by the grantors. The trust documents also state: "The sale or disposition by the Grantor of the whole or any part of the trust estate held hereunder shall constitute as to such whole or part a revocation of this Agreement and the trust or trusts affected thereby."

At the April 23 hearing, the Hunts argued that the Lake Road Property is not subject to pretrial restraint because it is held in trust and not owned by William Hunt, and, therefore, it would not be forfeitable should he be convicted. Subsequent to the hearing, the Hunts have filed additional authority conceding that under Virginia law, *see* VA. CODE ANN. § 64.2-752, William Hunt as grantor or "settlor" of the Revocable Living Trust of William Hammond Hunt, Jr., retains absolute control of the trust's assets. Thus, the Hunts now concede that under the "dominion and control" test applied in the Fourth Circuit, *see United State v. Morgan*, 224 F.3d 339 (4th Cir. 2000), William Hunt would be considered an owner of the Lake Road Property for forfeiture purposes.

Nonetheless, the Hunts now argue that, under Virginia Code § 55-20.2, any property held by tenants by the entirety and transferred into trust retains its immunity from claims by one spouse's separate creditors as it would if it had remained held in a tenancy by the entirety. Therefore, they argue, Roberta Hunt's tenancy by the entirety in the Lake Road Property is not subject to criminal forfeiture. Based on my research, it appears that the law on this issue is anything but settled and depends greatly on the facts and circumstances of each case and the type of forfeiture procedure initiated by the Government. *See United States v. Lee*, 232 F.3d 556, 560-62 (7th Cir. 2000); *United States v. One Single Family Residence*, 894 F.2d 1511 (11th Cir. 1990) (addressing forfeiture under 21 U.S.C. § 881(a)(7) of property held by tenants by the entirety); *United States v. 1500 Lincoln Ave.*, 949 F.2d 73 (3rd Cir. 1991) (addressing civil in rem forfeiture under 21 U.S.C. §

3

881(a)(7) of property held by tenants by the entirety); *United States v. Prop. Located at 2525 Leroy Lane*, 972 F.2d 136, 138-39 (6th Cir. 1992); *United States v. Prop. Entitled in Names of Alexander Morio Toki, etc.*, 779 F. Supp. 1272 (D. Haw. 1991).

Whether this court will eventually protect Roberta Hunt's interest in the Lake Road Property from forfeiture, however, does not prevent the entry by the court of the protective order requested by the Government at this time. The undisputed evidence before the court is that William Hunt currently has a property interest in the Lake Road Property. If convicted of drug charges based on an indictment containing the proper forfeiture allegation, William Hunt's interest in the Lake Road Property would be forfeitable as either substitute property for the proceeds of criminal activity or as being property used in criminal activity. Once any forfeiture order is entered by the court, Roberta Hunt would then have the right to petition the court to set aside the forfeiture because she holds a non-forfeitable interest in the property or a legal right, title or interest that is vested or superior to her husband's interest. *See* 21 U.S.C.A. § 853(n); *Morgan*, 224 F.3d at 342-343; William Lee Borden, Jr., *Real Estate Forfeiture Under Federal Law*, 48 CONSUMER FIN. L. Q. REP. 164, 166-167 (Spring 1994).

Based on the above, I will enter the requested protective order.

ENTERED: April 29, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE